10-829-cv
Arrigo v. Blue Fish Commodities, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

--------------------------------------------------------------------

ANTHONY ARRIGO, individually and on behalf of all others similarly situated,

                    *Plaintiff-Appellant,*

          v.                                        No. 10-829-cv

BLUE FISH COMMODITIES, INC., ANDREW FISHER,

                    *Defendants-Appellees.*

---------------------------------------------------------------------

FOR APPELLANT:        Erik H. Langeland, New York, New York.

FOR APPELLEES:        Joseph B. Cartafalsa, Putney Twombly Hall & Hirson LLP,
                      New York, New York.

          Appeal from the United States District Court for the Southern District of New York

(Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Anthony Arrigo brought this putative class action against defendants-appellees Blue Fish Commodities and Andrew Fisher (collectively, "Blue Fish"), asserting federal and state law claims for unpaid overtime. The district court granted Blue Fish's motion to compel arbitration and dismissed the complaint. Arrigo appeals. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

On July 14, 2008, three months into his employment at Blue Fish, Arrigo signed a comprehensive employment agreement. The district court concluded that the agreement contained a provision requiring the arbitration of Arrigo's claims. "We review the district court's determination of the arbitrability of [Arrigo's claims] de novo, while accepting the court's factual determinations unless clearly erroneous." Garten v. Kurth, 265 F.3d 136, 141-42 (2d Cir. 2001).

"[A]rbitration is a matter of contract." AT & T Techs., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 648 (1986) (internal quotation marks omitted). Therefore, "a court may not compel arbitration until it has resolved the question of the very existence of the contract embodying the arbitration clause," Specht v. Netscape Commc'ns Corp., 306 F.3d 17, 26 (2d Cir. 2002) (internal quotation marks omitted), nor may it require parties "to arbitrate issues that they have not specifically agreed to submit to arbitration," Shaw Group, Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003). However, "any doubts

2

concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

In this case, the parties' signed agreement contains language authorizing an arbitrator "to resolve all federal and state statutory claims." The parties further memorialized their understanding of that arbitration provision in a separate paragraph that reads: "[t]he parties understand that by entering this [a]greement to arbitrate, they are agreeing to substitute one legitimate dispute resolution forum (arbitration) for another (judic[i]al), and thereby are waiving their right to have their disputes, except as set forth herein, resolved in court." Arrigo's unpaid overtime claims arise under federal and state statutes, and therefore fit comfortably within the jurisdiction that the parties have assigned to the arbitrator. As a result, arbitration is the proper forum for Arrigo's claims.

Arrigo's argument that the arbitration provision does not apply to claims that accrued prior to his signing of the employment agreement was not raised below and is therefore waived. Baker v. Dorfman, 239 F.3d 415, 423 (2d Cir. 2000). In any event, nothing in the arbitration provision places a temporal limitation on arbitrability. In fact, the provision encompasses "*all* federal and state statutory claims" and "*any* other . . . basis of action pertaining to [Arrigo's] employment." (emphasis added.) Furthermore, the agreement "to substitute" arbitration for judicial resolution of disputes indicates that the parties anticipated arbitration as the primary method of dispute resolution. As a result, the agreement is at least

"susceptible of an interpretation" that it covers preexisting disputes between the parties. See Peerless Imps., Inc. v. Wine, Liquor & Distillery Workers Union Local One, 903 F.2d 924, 928 (2d Cir. 1990) (internal quotation marks omitted). "And if there is doubt about that matter – about the 'scope of arbitrable issues' – we should resolve that doubt 'in favor of arbitration.'" Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003), quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); see also Vera v. Saks & Co., 335 F.3d 109, 117 (2d Cir. 2003). We therefore conclude that the parties agreed to arbitrate all of Arrigo's unpaid overtime claims, including those accruing prior to the creation of the arbitration agreement.

Arrigo argues that a portion of the employment agreement is "incomprehensible" and therefore the entire contract is unenforceable. Arrigo is correct that the agreement contains an ungrammatical indemnification provision* that directly precedes, and partially blends with, the arbitration clause. Nevertheless, even a wholly nonsensical indemnification provision would have no effect on the arbitrability of Arrigo's claims. "[A]n arbitration provision is severable from the remainder of the contract" and so "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from

---

* Arrigo argues that the indemnification provision is unconscionable because it could be interpreted so as to require Arrigo to indemnify Blue Fish for the full cost of this, or any other, dispute between the parties. However, Blue Fish's briefing expressly "*waived* any entitlement to indemnification . . . and . . . attorneys' fees, other than in the very limited, and reasonable, circumstances of 'frivolous' or 'bad faith' claims." (emphasis in original.) We have relied on Blue Fish's concessions in reaching our decision in this case. As a result, Blue Fish would be judicially estopped from later seeking indemnification or attorneys' fees in any manner inconsistent with the position that they have taken in this Court. See Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999).

enforcing a specific agreement to arbitrate." Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2778 (2010) (internal quotation marks omitted). As a result, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006). While the indemnification provision is somewhat garbled, its opacity does not render ambiguous the clear, unequivocal, broad and emphatic arbitration provision. Therefore, we must treat the arbitration provision as valid and leave the unscrambling of the indemnification provision to the arbitrator.

Arrigo's claim that the employment agreement is procedurally unconscionable because Blue Fish forced him to choose between signing it or losing his job is also for the arbitrator to decide. The parties agreed that "[t]he Arbitrator, and not any federal, state, or local[] court or agency, shall have exclusive authority to resolve any dispute relating to the . . . enforceability or formation of this Agreement . . . ." In interpreting identical language in another arbitration agreement, the Supreme Court recently held that such a provision reserves for the arbitrator procedural unconscionability arguments challenging the validity of the agreement as a whole. Rent-A-Center, 130 S. Ct. at 2779.

We have considered all of Arrigo's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5